UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

   v.                                       **MEMORANDUM OPINION AND ORDER**
                                              Criminal No. 99-390 ADM/ESS

Richard Lawrence Auginash,

        Defendant.

_____

Richard Lawrence Auginash, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Richard Lawrence Auginash's ("Auginash") Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) [Docket No. 72]. For the reasons stated below, the Motion is denied.

## II. BACKGROUND

The factual background of this case was summarized by the Eighth Circuit in 2001:

> At approximately 3:00 a.m. on June 13, 1999, the Red Lake Indian Reservation Police Department received a report of domestic violence from Ruth Auginash, Richard Auginash's aunt, stating that she had been assaulted by her boyfriend Donald Sayers. Two officers went to Ruth's home but found it empty. While there, they were approached by Richard, who appeared angry and smelled of alcohol. Richard told the officers that Ruth was at her mother's. The officers then went to the home of Ruth's mother, Lucille Auginash, and found Ruth there. Ruth told the officers that she had taken her children to her mother's after Sayers had assaulted her following a day of drinking. While one of the officers was speaking to Ruth, Richard appeared again, still upset and saying he was going to beat up Sayers.
>
> At approximately 4:30 a.m., one of the officers drove past Ruth's home and saw Sayers's automobile on fire. After the fire was extinguished, Sayers's body was found in the trunk of the car. The medical examiner concluded that the cause of death was smoke

> inhalation and carbon monoxide poisoning due to an automobile fire. At trial Richard admitted he started the fire.

United States v. Auginash, 266 F.3d 781, 783 (8th Cir. 2001).

On March 27, 2000, a jury found Auginash guilty of first degree felony murder and second degree intentional murder. Verdict [Docket No. 47]. On September 1, 2000, the Court imposed a mandatory sentence of life imprisonment under 18 U.S.C. § 1111. Min. Entry [Docket No. 57]; Sentencing J. [Docket No. 58]. Auginash appealed his conviction and sentence, and the Eighth Circuit affirmed. Auginash, 266 F.3d at 785.

Auginash is currently in custody at the Federal Correctional Institute in Oxford, Wisconsin ("FCI-Oxford"). See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Aug. 24, 2022). He states that he suffers from hepatitis C, asthma, obesity, and other health conditions. Auginash tested positive for COVID-19 in October 2020 and recovered by October 28, 2020. Mot. Ex. B [Docket No. 72, Attach. 1] at 27.[1] Auginash contends that his asthma worsened after he contracted COVID-19 and that he continues to suffer from breathing issues and headaches.

Auginash, age 44, now asks the Court to grant him compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that extraordinary and compelling reasons warrant his immediate release because his health conditions increase his risk of becoming seriously ill or dying were he to become reinfected with COVID-19. He also argues that the prison environment makes him more vulnerable to COVID-19 because he cannot protect himself against exposure to the virus. Auginash does not state whether he has received the COVID-19 vaccine.

### III. DISCUSSION

---

[1] Page references for Motion Exhibit B are to the page number in the CM/ECF banner at the top of the page.

2

**A. Legal Standard**

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement addressing sentence reductions under § 3582(c)(1)(A) defines "extraordinary and compelling reasons" to include serious medical conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii). A catch-all provision also exists for "other reasons" that may cause a defendant's case to be extraordinary or compelling. U.S.S.G. § 1B1.13 comment n.1(D). The policy statement and its commentary are "relevant but not binding" on the Court's determination of whether extraordinary and compelling reasons exist that would warrant a sentence reduction. United States v. Marcussen, 15 F.4th 855, 859 (8th Cir. 2021).

**B. Exhaustion**

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Auginash has satisfied the exhaustion requirement because he filed a request for release with the warden of his facility on April 25, 2021, and the request was denied on April 28, 2021. Mot. at 3; Mot. Ex. B at 1. His Motion is therefore ripe for review.

### C. No Extraordinary and Compelling Reasons

Auginash's health conditions are not severe and do not constitute extraordinary and compelling circumstances warranting a compassionate release sentence reduction. The COVID-19 vaccine is available to inmates at FCI Oxford, and 787 inmates at the facility have been fully vaccinated against the virus. Federal Bureau of Prisons, COVID-19 Vaccine Implementation, https://www.bop.gov/coronavirus/ (last visited Aug. 24, 2022). The Centers for Disease Control and Prevention ("CDC") states that "COVID-19 vaccines are working well to prevent severe illness, hospitalization, and death," and are also effective against "known circulating variants." CDC, COVID-19 Vaccines Work, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Aug. 24, 2022).

Because Auginash has access to and likely received the COVID-19 vaccine, his health concerns amid the COVID-19 pandemic do not amount to extraordinary and compelling reasons for a sentence reduction. See United States v. Derden, No. 12-CR-0012 (PJS), 2021 WL 3721848, at *2 (D. Minn. Aug. 23, 2021) (denying compassionate release for vaccinated inmate because the risk that the inmate would "be reinfected with COVID-19 or a variant and . . . become seriously ill" was "too speculative to justify his release"); United States v. Rodriguez, No. 15-CR-254 (PJS), 2021 WL 1187149, at *1 (D. Minn. Mar. 30, 2021) (finding no extraordinary and compelling reasons, despite defendant's medical conditions, because defendant "is or will soon be fully vaccinated against COVID-19"); United States v. Williams, No. CR 16-251 (DWF), 2021 WL 1087692, at *3 (D. Minn. Mar. 22, 2021) (denying

compassionate release because "any risk that [defendant] will be reinfected with COVID-19 is largely mitigated by the fact that he has been fully vaccinated against the virus").[2]

**D. Sentencing Factors**

The sentencing factors in 18 U.S.C. § 3553(a) also weigh against Auginash's release. These factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

Auginash committed a violent and gruesome murder and is serving a mandatory life sentence as a result. Releasing Auginash from his life sentence at age 44 would not reflect the seriousness of his conduct, promote respect for the law, or provide just punishment for his crime.

### IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Richard Lawrence Auginash's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) [Docket No. 72] is **DENIED**.

---

[2] Relief would also be denied if Auginash refused the vaccine. See United States v. McBride, No. 519CR07, 2021 WL 354129, at *3 (W.D.N.C. Feb. 2, 2021) (denying compassionate release for defendant with type 2 diabetes because "[d]efendant's refusal to take preventative measures undermines his assertion that extraordinary and compelling reasons exist to warrant his release from prison"); United States v. Gonzalez Zambrano, No. 18-CR-2002, 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021) ("Although defendant has a right to refuse medical treatment, the Court finds that it would be inappropriate to reward her refusal to protect herself by granting her release. It would be paradoxical to endorse a system whereby a defendant could manufacture extraordinary and compelling circumstances for compassionate release by unreasonably refusing the health care afforded to them.").

BY THE COURT:

Dated: August 24, 2022

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT